## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TONIA J. BIBBY,
                    Appellant,

            v.

DEPARTMENT OF AGRICULTURE,
                    Agency.

DOCKET NUMBER
SF-0752-13-0266-I-1

DATE: August 29, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lesa L. Donnelly, Anderson, California, for the appellant.

Suzanne K. Roten, Esquire, San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective January 23, 2013, the agency removed the appellant from federal service based on two charges: (1) unauthorized removal of government property on December 12, 20, and 26, 2011, and January 8, 2012; and (2) making false statements. Initial Appeal File (IAF), Tab 6 at 39, 87. The appellant appealed her removal to the Board and requested a hearing. IAF, Tab 1 at 2, 3. She argued that the penalty of removal was unreasonable given certain mitigating factors, the agency committed harmful procedural error in effecting the removal, and the agency treated her disparately compared to another employee who engaged in similar conduct. *Id.* at 4, 5.

¶3 After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 28, Initial Decision (ID) at 1. She sustained both charges, found a nexus between the sustained conduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness. ID at 5-12. She additionally found that the appellant's harmful procedural error and disparate penalties claims were without merit. ID at 6-7, 12-16.

¶4     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  On review, she primarily challenges the administrative judge's findings regarding nexus and the reasonableness of the penalty, including her claim of disparate penalties.  *Id.* at 7-18.  The agency has responded in opposition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     On review, the appellant argues that the agency failed to establish a nexus between her misconduct and the efficiency of the service.  PFR File, Tab 1 at 9-10.  The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish her duties satisfactorily or some other legitimate government interest.  *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).  The Board has found there is sufficient nexus between an employee's conduct and the efficiency of the service where the sustained conduct:  (1) occurred in part at work, *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987); (2) involved misuse of government property, *Els v. Department of the Army*, 82 M.S.P.R. 27, ¶ 11 (1999); and (3) concerned an employee's lack of candor during an administrative inquiry, *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶¶ 2, 25, 28 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

¶6     As the administrative judge properly noted, although the appellant's actions concerning charge (1) took place while she was off duty, they occurred on government property and involved taking government property.  ID at 7; IAF, Tab 6 at 28-33, 39.  In addition, concerning charge (2), the appellant's false statements were made at work to an agency law enforcement officer.  ID at 7; IAF, Tab 6 at 21, 39.  Under the circumstances, the administrative judge properly

found that the agency established nexus. *See Parker*, 819 F.2d at 1116; *Els*, [82 M.S.P.R. 27](#), ¶ 11; *Ludlum*, [87 M.S.P.R. 56](#), ¶ 28. Although the appellant argues that the administrative judge failed to take into consideration certain factors, e.g., her superior performance, her remorse, her former supervisor's and coworkers' support, PFR File, Tab 1 at 10, the record shows that the deciding official appropriately considered these factors during the penalty analysis, IAF, Tab 6 at 35-37; Hearing Compact Disc (CD) at 2:00:20-2:18:30 (testimony of deciding official).

¶7      The appellant also argues that the penalty of removal was too harsh under the circumstances. PFR File, Tab 1 at 10-18. Where the agency's charges are sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Woebcke v. Department of Homeland Security*, [114 M.S.P.R. 100](#), ¶ 7 (2010). Here, the administrative judge found that the deciding official properly weighed the *Douglas* factors and concluded that her removal promoted the efficiency of the service. ID at 9-12. The administrative judge noted that the deciding official considered several mitigating factors, including the appellant's lengthy, discipline-free service, her superior performance even after the misconduct, her remorse, her former supervisor's continued trust in her,[2] and her potential for rehabilitation, but found that they did not outweigh the seriousness of the offense, which resulted in a criminal conviction, and the nature of the appellant's position, which included gathering and forwarding the logs for the gas pumps at issue in the appeal as

---

[2] The appellant argues on review that the administrative judge failed to give sufficient weight to her former supervisor's testimony. PFR File, Tab 1 at 7-8. For the reasons explained in the initial decision, we agree with the administrative judge that the deciding official's diminished trust in the appellant—and not her former supervisor's continued trust—is the more appropriate consideration when analyzing the *Douglas* factor concerning loss of trust and confidence. ID at 11 n.8.

well as handling money for permits on occasion. ID at 10-11; IAF, Tab 6 at 35-37; Hearing CD at 2:00:20-2:18:30 (testimony of deciding official). While the appellant generally disagrees with the analysis of the *Douglas* factors, her disagreement provides no reason to disturb the administrative judge's explained and reasoned finding that removal was within the tolerable limits of reasonableness under the circumstances. *See* PFR File, Tab 1 at 10-12; ID at 9-12; *Woebcke*, 114 M.S.P.R. 100, ¶ 7.

¶8      Concerning the appellant's disparate treatment argument, we find it similarly unpersuasive. *See* PFR File, Tab 1 at 12-18. She alleges that the administrative judge erred in finding that the agency did not impose a disparate penalty when it chose to suspend C.V., a Supervisory Forestry Technician, rather than remove him.[3] *Id.* at 13-14. As accurately explained by the administrative judge, however, unlike the appellant, C.V. engaged in the unauthorized removal of government property only once, his actions were not caught on camera, he did not make false statements to a Special Agent, and the U.S. Attorney General declined to prosecute him. ID at 14-15. Under these circumstances, the administrative judge properly found that the appellant did not show that there was enough similarity between the circumstances surrounding the appellant's charged behavior and C.V.'s charged behavior to establish that they were substantially similar for disparate penalty purposes and, even if she had, the agency offered a sufficient explanation for the harsher penalty given to the

---

[3] The appellant argues on review that the administrative judge erred in denying her request to call alleged comparator, C.V., as a witness. PFR File, Tab 1 at 6-7. The appellant did not raise this objection below, however, and her failure to do so precludes her from raising this objection on review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). In any event, the administrative judge informed the appellant that, if appropriate, she could request C.V.'s testimony as rebuttal to evidence offered by the agency at hearing. IAF, Tab 19. The record does not reflect that the appellant made any such request.

appellant. ID at 15; *see Figueroa v. Department of Homeland Security*, 119 M.S.P.R. 422, ¶ 10 (2013).

¶9        The appellant additionally argues that the facts of her case are "nearly identical" to those presented in *Portner v. Department of Justice*, 119 M.S.P.R. 365 (2013), in which the Board mitigated the employee's removal to a 45-day suspension. PFR File, Tab 1 at 14-17. In *Portner*, the Board found that the deciding official erred in finding that the appellant lacked remorse for his misconduct and, as a result, failed to properly weigh the relevant *Douglas* factors. 119 M.S.P.R. 365, ¶¶ 11, 15. Consequently, upon its own analysis of the *Douglas* factors, the Board determined that a 45-day suspension was the maximum reasonable penalty under the circumstances. *Id.*, ¶ 22. Here, the administrative judge accurately concluded that the deciding official properly weighed the *Douglas* factors, including the appellant's rehabilitative potential and remorse for her actions. ID at 8-12. Because the agency considered all of the relevant *Douglas* factors, unlike in *Portner*, the Board must defer to the agency's penalty determination if it is within the bounds of reasonableness. *See Woebcke*, 114 M.S.P.R. 100, ¶ 7. Accordingly, as the administrative judge properly found, the penalty of removal is within the tolerable limits of reasonableness under the circumstances. ID at 9-12.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.